IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, | ) | C/A No.: 1:22-2018-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND NOTICE |
| | ) | |
| Washava Moye, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Marie Assa'ad-Faltas ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Washava Moye ("Defendant"), interim director of Alvin S. Glenn Detention Center ("ASGDC"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

In Appellate Case No. 2021-000815, the South Carolina Supreme Court ("SCSC") held Plaintiff in contempt of court for violating its September 27, 2017 order prohibiting her from contacting any judge, law clerk, clerk of court, or any other officer or employee of the Unified Judicial System. [ECF No. 1-1]. On June 10, 2022, the SCSC issued an order finding Plaintiff in contempt and

sentencing her to six months in prison, suspended upon the service of 10 days at ASGDC. *Id.* Plaintiff subsequently filed documents with the SCSC that the court construed as a petition for rehearing, which it denied on June 21, 2022. *Id.* at 12. Plaintiff filed the instant motion on Friday, June 24, 2022, seeking injunctive relief from the order directing her to report to ASGDC on Monday, June 27, 2022, at 10:00 AM to serve the 10-day sentence. [ECF No. 1 at 1].

Plaintiff does not challenge the order itself, but claims Defendant violates S.C. Code Ann. § 24-13-10, which requires prisons and detention centers to separate "the sexes" at all times because male and female inmates are not separated while awaiting provision of medical services. *Id.* She asserts that female inmates should not be incarcerated at ASGDC and should not be jailed for sentences shorter than 90 days. *Id.* She asserts equal protection, the Americans with Disabilities Act, and updated South Carolina law require local detention facilities to provide weekend services and home detention for nonviolent offenders such as herself. *Id.* She claims she is at risk of death from incarceration due to her age and health. *Id.* at 2. She maintains she should be credited for time she served on prior charges on which she has been "fully exonerated." *Id.*

II.    Discussion

A.    Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

3

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    Plaintiff's Claim Appears to be Moot

Plaintiff requested the court enjoin Defendant and allow her to serve her sentence in home detention, in an outside medical facility, or in an isolated unit with no contact with male inmates. *Id.* at 1. She also requested the court enjoin Defendant from recording or monitoring her calls. *Id.* She asked this court to stay her sentence for 10 days. *Id.* at 2. She argued time she served on prior charges "from all of which she has been later fully exonerated" should be

4

applied to offset her period of incarceration. *Id.* at 1. She requested that counsel be appointed. *Id.*

Because Plaintiff was scheduled to report to ASGDC for her 10-day incarceration on June 27, 2022, it appears she may have completed her sentence. "Federal courts are limited to resolving cases and controversies . . . ." *South Carolina Coastal Conservation League v. U.S. Army Corp of Engineers*, 789 F.3d 475, 482 (4th Cir. 2015) (citing U.S. CONST. art. III, § 2). "When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Id.* (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (*per curiam*)). "A case can become moot due to either a change in the facts or a change in the law." *Id.* (citing *Ross v. Reid*, 719 F.2d 689, 693–94 (4th Cir. 1983)).

Here, Plaintiff filed a complaint on the eve of her impending detention, requesting specific relief from the terms of that detention. In the time since she filed her complaint, the facts may have changed such that Plaintiff has served her 10-day sentence for contempt of court. Therefore, the court cannot provide the relief Plaintiff requested in her complaint and there is no longer a controversy, rendering the litigation moot. *See Broughton v. State of N.C.*, 717 F.2d 147, 148 (4th Cir. 1983) (dismissing the appeal as moot because petitioner had served the sentence she received upon her contempt of court conviction).

In light of the foregoing, this action is subject to summary dismissal as moot. If Plaintiff has served her sentence and has claims related to her period of incarceration, those claims should be brought in a separate action because they could not have accrued until after she filed her complaint in this action.

2.      Motion to Appoint Counsel Denied

Plaintiff sought appointment of counsel in her complaint. [ECF No. 1 at 2]. The undersigned construes this as a motion to appoint counsel.

There is no constitutional right to appointment of counsel in civil cases. Although the court may exercise its discretion to appoint counsel for an indigent party in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff cites no reasons for the court to appoint counsel to represent her, and the undersigned finds no exceptional or unusual circumstances presented that would justify the appointment of counsel or result in her denial of due process. *See Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present her case.

6

The undersigned acknowledges nonbinding precedent from United States Courts of Appeals for the Third and Seventh Circuits requiring courts considering motions pursuant to § 1915(e)(1) to evaluate a pro se plaintiff's competence to litigate the case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Although the Fourth Circuit has articulated no similar requirement, the undersigned notes Plaintiff's allegations in prior cases as to her legal advocacy skills and prior success in proceeding pro se in other legal matters. *See Assa'ad-Faltas v. McMaster*, C/A No. 20-1809-TLW (D.S.C.), ECF No. 1.[1] Moreover, in this matter, Plaintiff admits she applied to intervene in another case, *Murdaugh v. Moye*, C/A No. 22-608-CMC (D.S.C.). [ECF No. 1 at 1]. Her statements suggest she is sufficiently competent to pursue her own claim in this court. Accordingly, to the extent Plaintiff requests discretionary appointment of counsel under 28 U.S.C. §1915(e)(1), her request is denied.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **September 9, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original

---

[1] The court takes judicial notice of Plaintiff's filings in her prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

August 19, 2022                                    Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge